# EXHIBIT C

**John Evanchek**

| | |
|---|---|
| **From:** | Steven Popofsky <SPopofsky@kkwc.com> |
| **Sent:** | Tuesday, October 26, 2021 7:41 PM |
| **To:** | John Evanchek |
| **Cc:** | Pamela Frederick |
| **Subject:** | RE: Ria/Phillip McCown |

Thanks for the prompt reply. The fundamental disconnect is that there are two different sets of claims and liabilities here. The first is a presently-existing claim for return of Ria's $375k that was improperly sent to your client; and the second is a potential claim for all the damages suffered by Ria as a result of Paul's misconduct.

As to the first claim, liability is (respectfully) open-and-shut. You are accordingly, and rightly, willing to return that money. In exchange, Ria is willing to release your client from any claims relating to the $375k. (We're ignoring the complication of the seized funds. I know you and Pamela discussed that and for the sake of this discussion, we're assuming Ria will eventually receive the balance of the $375k that was seized by the government, and we'll figure out a mechanism to deal with the unlikely event that that does not happen.)

As to the second claim, we do not have evidence at this time that there is any liability, and so we are not making any demand at this time in connection with anything beyond the $375k. You refer to "settle the case," but you have not in fact made any offer to "settle" that aspect of "the case" – and that's understandable, because you don't believe there's any risk of liability and you're not about to be sued on it.

In other words, you are conflating "settlement" of the $375k case with "settlement" of the larger case. In the absence of a "settlement" of the larger case, we are not prepared to release that, because who knows what evidence might eventually emerge (they are brothers, etc.; see below). And your kind offer of discovery is unfortunately valueless because (i) it is discovery from Paul that we would need, not from Phillip (and we are not now able to get discovery from Paul), and (ii) in any event it wouldn't be cost-effective for us to pursue discovery of your client at this time, with currently only $21,000 at stake.

We credit completely your good faith, and your client's desire to close this chapter. If he is truly uninvolved, then the chapter will be closed. We also credit his desire for a release, to give additional peace of mind – however, all he is offering to obtain that release is to pay money that he already indisputably owes. There is just no reason for our client to do that.

If we cannot resolve the $21k/$375k issue along the lines discussed, then – as noted – we will simply sue for the $21k and win that amount plus interest. You say your client "is unwilling to resolve this . . .," but the unavoidable fact is that "this" – meaning the issue of the $21k/$375k – is going to be "resolve[d]" imminently. The only question is whether it gets resolved consensually or via a lawsuit. Neither one will get him the global release he (understandably) would prefer. He will not,

1

under any circumstances, receive a wider release as a result of our court proceeding (it is literally impossible, as you know). So I don't understand (truly) why he wouldn't just pay the $21k, avoiding the complication and cost and publicity of a lawsuit – and the interest – and then be in slightly a better position (a simple clean fast no-interest resolution) than he would be at the end of our lawsuit.

We understand your having tried for the wider release, but you can't get it consensually and you can't get it through the court, so your client may as well be realistic and take the next best thing. If no evidence ever emerges that he was complicit with Paul in defrauding our client (as you say you and he are confident no such evidence ever will emerge), then you will never hear from Ria again.

I don't think it's worth incurring more legal fees for either of our clients in going over this again and again. Let us know by next Wednesday, as agreed, whether we have a deal in principle or we don't. If we do, we can, if necessary, extend our no-sue pledge in order to finish up the paperwork. If we do not, we'll proceed to get our judgment.

Have a good evening.

**STEVEN R. POPOFSKY**
D 212.880.9882  |  spopofsky@kkwc.com
F 212.986.8866  |

Kleinberg, Kaplan, Wolff & Cohen, P.C.
500 Fifth Avenue, New York, NY 10110
kkwc.com  |  Follow us on LinkedIn

Read our latest insights and sign up to receive our latest client alerts, invitations to events and more.

**From:** John Evanchek <john@kelawpc.com>
**Sent:** Tuesday, October 26, 2021 5:27 PM
**To:** Steven Popofsky <SPopofsky@kkwc.com>
**Cc:** Pamela Frederick <PFrederick@kkwc.com>
**Subject:** RE: Ria/Phillip McCown

Thank you for a memorialization of the conversation. To sum it up, your client cannot settle the case and release all claims without conducting their due diligence to verify that there are no other claims against my client and my client is unwilling to resolve this without an agreement that provides for finality so that he can close this chapter of his life.

What does your client require to satisfy themselves that there are no other claims against my client? Deposition? Discovery? Subpoenas?. My client is agreeable to answering questions under oath, written or oral.

If this is the route your client needs to take to assure themselves then it would be best to put the monies at issue either in my IOLTA or establish an escrow with the Court in Wyoming, pending a resolution. The monies would not be able to be released without written approval from both parties.

**John Evanchek, Esq.**
ATTORNEY

2



John@kelawpc.com
WEB: KElawpc.com
PHONE: (734) 397-4540
FAX: (734) 397-4567
43695 Michigan Avenue
Canton, Michigan 48188

**From:** Steven Popofsky <SPopofsky@kkwc.com>
**Sent:** Tuesday, October 26, 2021 3:57 PM
**To:** John Evanchek <john@kelawpc.com>
**Cc:** Pamela Frederick <PFrederick@kkwc.com>
**Subject:** RE: Ria/Phillip McCown

John, thanks for this – just to follow up on your call with Pamela, no one is trying to be difficult; we are merely protecting our client legally.

The $21,000 is clearly owed; while we have no current knowledge indicating that your client was in cahoots with Paul (and therefore no present intention to sue him for anything beyond the $21,000, assuming we get the rest of the $375k from the seized funds), we have not yet seen Paul's e-mails, and they are brothers, and it's certainly theoretically possible that your client worked hand-in-glove with Paul to defraud our client. If that turned out to be the case (although we don't expect it), we would have to have the ability to sue your client for the wider damages occasioned by Paul's fraud, and in fact it would be malpractice for us to give you a release because that possibility remains out there.

If your client knows that he had nothing to do with Paul's misconduct, then he need not fear a lawsuit from Ria. (If he wants to "settle" that theoretical claim, he can offer to buy a release from any wider liability by paying a real sum of money – beyond the $21,000 that is clearly owed – but that would seem foolish on his part unless he truly was involved.)

If you do not agree to return the $21,000, Ria will simply sue for that amount, and either your client will default or he will pay you to defend it, but in the end
it seems obvious that Ria will recover a judgment for the $21,000 (plus interest), <u>and you cannot obtain a wider release as a result of that lawsuit</u>. So (while I understand the attempt to get one) it would make no sense for him not to just take the limited release in exchange for paying the money that he owes.

Please let us know if you agree. We would prefer not to have to sue. Assuming your client was not involved in any wrongdoing, this would be the best way to extricate himself from the situation.

**STEVEN R. POPOFSKY**
D 212.880.9882   |   spopofsky@kkwc.com
F 212.986.8866   |

3



**Kleinberg, Kaplan, Wolff & Cohen, P.C.**
500 Fifth Avenue, New York, NY 10110
kkwc.com  |  Follow us on LinkedIn

Read our latest insights and sign up to receive our latest client alerts, invitations to events and more.

**From:** John Evanchek <john@kelawpc.com>
**Sent:** Monday, October 25, 2021 2:14 PM
**To:** Pamela Frederick <PFrederick@kkwc.com>
**Cc:** Steven Popofsky <SPopofsky@kkwc.com>
**Subject:** RE: Ria/Phillip McCown

Sorry for the delay, please see the proposed settlement, my client has informed me that he has the funds in his possession.

**John Evanchek, Esq.**
ATTORNEY



John@kelawpc.com
WEB: KElawpc.com
PHONE: (734) 397-4540
FAX: (734) 397-4567
43695 Michigan Avenue
Canton, Michigan 48188

**From:** Pamela Frederick <PFrederick@kkwc.com>
**Sent:** Monday, October 4, 2021 6:13 PM
**To:** John Evanchek <john@kelawpc.com>
**Cc:** Steven Popofsky <SPopofsky@kkwc.com>
**Subject:** RE: Ria/Phillip McCown

John, that is all correct. The 30 day deadline for Phillip to pay the remainder of the funds is fine. As such, we will not be filing a lawsuit on October 10, 2021 based on that agreement. We're not sure that anything more than this is required or warranted, but we're happy to take a look at anything you may send in the interim.

**PAMELA A. FREDERICK**
D 212.880.9871  |  pfrederick@kkwc.com
F 212.986.8866  |



**Kleinberg, Kaplan, Wolff & Cohen, P.C.**
500 Fifth Avenue, New York, NY 10110
kkwc.com  |  Follow us on LinkedIn

Read our latest insights and sign up to receive our latest client alerts, invitations to events and more.

4

**From:** John Evanchek <john@kelawpc.com>
**Sent:** Monday, October 4, 2021 5:18 PM
**To:** Pamela Frederick <PFrederick@kkwc.com>
**Cc:** Steven Popofsky <SPopofsky@kkwc.com>
**Subject:** RE: Ria/Phillip McCown

Pamela

Thank you for discussing this matter with me. As we discussed you are not going to file a lawsuit against my client at the expiration of the 10 day time limit in your September 30, 2021 letter. Furthermore, you were going to discuss with your client my client's request to repay the sums demanded within 30 days from today (October 4, 2021). Finally, our office will draft a proposed settlement agreement to resolve this matter.

**John Evanchek, Esq.**
ATTORNEY



John@kelawpc.com
WEB: KElawpc.com
PHONE: (734) 397-4540
FAX: (734) 397-4567
43695 Michigan Avenue
Canton, Michigan 48188

**From:** Pamela Frederick <PFrederick@kkwc.com>
**Sent:** Thursday, September 30, 2021 4:59 PM
**To:** John Evanchek <john@kelawpc.com>
**Cc:** Steven Popofsky <SPopofsky@kkwc.com>
**Subject:** Ria/Phillip McCown

John, please see the attached.

**PAMELA A. FREDERICK**
D 212.880.9871   |   pfrederick@kkwc.com
F 212.986.8866   |



**Kleinberg, Kaplan, Wolff & Cohen, P.C.**
500 Fifth Avenue, New York, NY 10110
kkwc.com   |   Follow us on LinkedIn

Read our latest insights and sign up to receive our latest client alerts, invitations to events and more.

5