UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIA R SQUARED, INC.,

    Plaintiff,

v.

PHILLIP McCOWN,

    Defendant.

Civil No. 21-12937

Honorable Linda V. Parker
Mag. Judge Curtis Ivy, Jr.

_____

PHILLIP McCOWN,

    Third-Party Plaintiff,

v.

UNITED STATES OF AMERICA.,

    Third-Party Defendant.
_____/

Third-Party Complaint

# THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS

Third-Party Defendant United States of America, through its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Jennifer L. Newby, Assistant United States Attorney, moves this Court for dismissal of this action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). The undersigned counsel

1

certifies that counsel sought concurrence from the Third-Party Plaintiff on April 11, 2022, but concurrence was not obtained.

    In support of the motion, the United States relies on the accompanying brief and documents on file with this Court.

                                       Respectfully submitted,

                                       DAWN N. ISON
                                       United States Attorney

                                       By:  /s/ Jennifer L. Newby
                                       Jennifer L. Newby (P68891)
                                       Assistant United States Attorney
                                         Attorneys for United States
                                         211 W. Fort Street, Suite 2001
                                         Detroit, Michigan 48226
                                         (313) 226-0295
                                         Jennifer.Newby@usdoj.gov

Dated: April 13, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIA R SQUARED, INC.,

    Plaintiff,

v.

PHILLIP McCOWN,

    Defendant.

Civil No. 21-12937

Honorable Linda V. Parker
Mag. Judge Curtis Ivy, Jr.

_____

PHILLIP McCOWN,

    Third-Party Plaintiff,

v.

UNITED STATES OF AMERICA.,

    Third-Party Defendant.
_____/

Third-Party Complaint

**THIRD-PARTY DEFENDANT UNITED STATES OF AMERICA'S BRIEF IN SUPPORT OF MOTION TO DISMISS**

## STATEMENT OF ISSUES PRESENTED

1. Should this Court dismiss claims arising under the Federal Tort Claims Act for lack of subject matter jurisdiction where the detention of goods exception to the Federal Tort Claims Act's waiver of sovereign immunity applies?

2. Should this Court decline to exercise subject matter jurisdiction where a judicial forfeiture action involving the same funds has been initiated?

3. If the Court finds subject matter jurisdiction exists, should this Court dismiss the Third-Party Complaint for failure to state a claim where Defendant Phillip McCown has suffered no damages, the FBI is not liable to Ria R Squared, and replevin is unavailable?

## MOST CONTROLLING AUTHORITY

28 U.S.C. § 2680

## I.   INTRODUCTION

The United States was named in this action by Defendant and Third-Party Plaintiff Phillip McCown because funds were seized from his bank account by the Federal Bureau of Investigation pursuant to a seizure warrant involving suspected criminal activity by his brother, Paul McCown. Paul McCown fraudulently obtained a loan from Plaintiff Ria R Squared, and some of the proceeds of the loan were given to Defendant McCown. Rather than waiting to seek return of the funds in the criminal prosecution of Paul McCown, Ria R Squared brought this action against Defendant McCown, even though the funds were seized from him. In turn, Defendant McCown impleaded the United States, arguing that he is entitled to return of the funds from the FBI to satisfy any judgment against him. Defendant McCown's Third-Party Complaint seeking return of the seized funds should be dismissed for lack of subject matter jurisdiction and for failure to state a claim.

## II.   BACKGROUND

Paul McCown fraudulently obtained a $15 million loan from Plaintiff Ria R Squared. (Compl., ECF No. 1, PageID.4-5, ¶¶ 16-18). After receiving a wire transfer for the proceeds of the loan, Paul McCown transferred $375,000 of the fraudulently obtained funds to his brother, Defendant and Third-Party Plaintiff, Phillip McCown. (Third Pty. Compl., ECF No. 8, PageID.176, ¶ 9). Defendant McCown alleges that

1

on June 20, 2021, the FBI seized $351,300.67 from his bank account, which came from the $375,000 transferred by Paul McCown. *Id*. at PageID.8, ¶¶ 7-8.

On December 17, 2021, despite the fact that the majority of the funds had been seized from Defendant McCown, Ria R Squared filed an action against Defendant McCown in this Court. (Compl., ECF No. 1). Ria R Squared asserts that the transfer of $375,000 to Defendant McCown by Paul McCown is voidable under the Michigan Uniform Voidable Transfer Act. *Id*. It also asserts that Defendant McCown's retention of the difference between the $375,000 given to him by Paul McCown and the $351,300.67 seized by the FBI ($23,699.33) constitutes conversion. *Id*. Third-Party Defendant United States does not take any position on the viability of Ria R Squared's claims against Defendant McCown.

On February 8, 2022, Defendant McCown filed a Third-Party Complaint against the United States, claiming that: (1) the FBI was negligent in seizing the $351,300.67 from him because he believed he legitimately received the funds from Paul McCown as a dividend payment; and/or (2) he is entitled to contribution from the United States if any judgment is entered against him for the $375,000; and/or (3) he is entitled to replevin for the FBI's wrongful taking or detention of the $351,300.67. (Thrd. Pty. Compl., ECF No. 8). Defendant McCown asserts the Federal Tort Claims Act as his source for jurisdiction against the United States. *Id*. at ¶ 4. He concedes that he has not filed an administrative claim but notes that

exhaustion is not required for third-party complaints. *Id.* at ¶ 5 (citing 28 U.S.C. § 2675(a)).

On March 10, 2022, an information was filed in the District of Wyoming charging Paul McCown with wire fraud, in part, based on the $15 million loan transaction with Ria R Squared. *See United States v. McCown*, Case No. 22-00023 (Dist. Wy.), ECF No. 1. The information contained notice of criminal and civil forfeiture. *Id.* On March 29, 2022, Paul McCown pled guilty to the charges and consented to forfeiture of the funds seized during the investigation. *See United States v. McCown*, Case No. 22-00023 (Dist. Wy.).[1] Upon information and belief, a preliminary order of forfeiture is forthcoming. Third-Party Defendant United States moves for dismissal of the Third-Party Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### III. STANDARD OF REVIEW

When a Rule 12(b)(1) motion is made, the plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Regional Transit Auth., 895* F.2d 266, 269 (6th Cir. 1990). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the

---

[1] The plea agreement is not publicly available on the Wyoming District Court's docket, but the United States can provide a copy for the Court's review if needed.

3

plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *Abbott v. Michigan*, 474 F.3d 324, 328 (6th Cir. 2007). Where the matter involves exceptions to jurisdiction under the Federal Tort Claims Act, "[o]nly after a plaintiff has successfully invoked jurisdiction by a pleading that facially alleges matters not excepted by [28 U.S.C.] § 2680 does the burden fall on the government to prove the applicability of a specific provision of § 2680." *Sharp ex rel. Est. of Sharp v. United States*, 401 F.3d 440, 443, n.1 (6th Cir. 2005). "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction…the district court has broad discretion over what evidence to consider and may look outside the pleadings to determine whether subject-matter jurisdiction exists." *Adkisson v. Jacobs Eng'g Grp., Inc.*, 790 F.3d 641, 647 (6th Cir. 2015).

Dismissal pursuant to Rule 12(b)(6) is appropriate where the pleadings have failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In reviewing a Rule 12(b)(6) motion, the Court accepts all the plaintiff's factual allegations as true and construes the complaint in the light most favorable to the plaintiff. *Hill v. Blue Cross & Blue Shield of Michigan,* 409 F.3d 710, 716 (6th Cir. 2005). However, the court need not accept as true legal conclusions or unwarranted factual inferences. *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987). For a claim to be viable, the complaint must, at a minimum, give the

defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 554-55 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

## IV.  LAW AND ANALYSIS

### A.  This Court lacks subject matter jurisdiction under the FTCA.

It is a fundamental principle that "the United States government may not be sued without its consent." *Montez v. United States*, 359 F.3d 392, 395 (6th Cir. 2004). "In the [Federal Tort Claims Act (FTCA)], Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). *See also Premo v. United States*, 599 F.3d 540, 544 (6th Cir. 2010) ("The [FTCA] waives sovereign immunity for certain actions in tort by giving district courts exclusive jurisdiction over those types of civil actions.").

#### 1.  The detention of goods exception applies in this case.

The FTCA is not a complete waiver of sovereign immunity for all torts because it exempts from its waiver "certain categories of claims." *Ali*, 552 U.S. at 218 (citing 28 U.S.C. 2680(a)-(n)). Applicable to this case is the exception in 28 U.S.C. § 2680(c), which excepts from the waiver of sovereign immunity, "[a]ny claim arising in respect of the assessment or collection of any tax or customs duty,

5

or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer."

In *Ali*, the Court held that § 2680(c) "forecloses lawsuits against the United States for the unlawful detention of property by 'any,' not just 'some,' law enforcement officers." *Ali*, 552 U.S. at 228. Thus, the detention of property exception applies to property detained by FBI agents. *See Shigemura v. United States*, 504 F. App'x 678, 680 (10th Cir. 2012) ("An FBI agent qualifies as a 'law enforcement officer' under § 2680(c).") (citing *Ali*). Because Defendant Phillip McCown's claims arise from the allegedly wrongful detention of funds from his bank account by FBI agents, the plain terms of § 2680(c) preclude a waiver of sovereign immunity and his claims should be dismissed for lack of subject matter jurisdiction. *See Fawcett v. United States*, No. 13-01828, 2014 WL 4183683, at *2 (N.D. Ohio Aug. 21, 2014) (applying detention of goods exception to property seized by DEA pursuant to warrant); *Jerdine v. F.B.I.*, No. 11-00391, 2013 WL 5209894, at *9-10 (N.D. Ohio Sept. 13, 2013) (applying detention of goods exception to property seized by FBI); and *Motors Ins. Corp. v. United States*, No. 11-10875, 2011 WL 4506103, at *1 (E.D. Mich. Sept. 27, 2011) (same).

    **2.    The exception to the detention of goods exception does not apply.**

There is an exception to the detention of goods exception to waiver of sovereign immunity, but it does not apply in this case. "In the Civil Asset Forfeiture

6

Reform Act of 2000 (CAFRA), Congress added subsections (c)(1)-(c)(4) to 28 U.S.C. § 2680." *Ali*, 552 U.S. at 221. "The amendment canceled the exception – and thus restored the waiver of sovereign immunity – for certain seizures of property based on any federal forfeiture law." *Id*. at 222. In order to assert a waiver of sovereign immunity under § 2680(c), the plaintiff must establish:

> (1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
>
> (2) the interest of the claimant was not forfeited;
>
> (3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
>
> (4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

In this case, Defendant McCown's claim fails at the first step because the funds were not seized solely for the purpose of forfeiture as required by § 2680(c)(1), and the exception to the exception does not apply. There are no Sixth Circuit decisions addressing this subsection, but it has been addressed by other circuits. In *Foster*, the Ninth Circuit applied the well-established principle that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign," to the interpretation of the "re-waiver" of sovereign immunity in 28 U.S.C. § 2680(c)(1). *Foster v. United States*, 522 F.3d 1071, 1074 (9th Cir. 2008) (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)). The court held "the

7

re-waiver of sovereign immunity in § 2680(c)(1)-(4) applies only to property seized solely for the purpose of forfeiture." *Id*. at 1075. "Consequently, the fact that the government may have had the possibility of a forfeiture in mind when it seized Plaintiff's property does not detract from the application of the detention of goods exception when criminal investigation was a legitimate purpose of the initial seizure." *Id*. *See also Smoke Shop, LLC v. United States,* 761 F.3d 779, 784 (7th Cir. 2014) ("We now formally adopt *Foster's* sole-purpose test."); *Shigemura*, 504 F. App'x at 680 (applying *Foster's* sole purpose test); *Bowens v. U.S. Dep't of Justice*, 415 F. App'x 340, 343 (3d Cir. 2011) (same); and *Fawcett v. United States*, No. 13-01828, 2014 WL 4183683, at *2 (N.D. Ohio Aug. 21, 2014) (same).

In this case, the seizure of the funds by the FBI was done in furtherance of a criminal investigation into wire fraud perpetrated by Paul McCown. *See United States v. McCown*, Case No. 22-00023 (Dist. Wy.), ECF No. 1. That the eventual forfeiture of the funds seized was also a possibility is not enough to invoke the "re-waiver" of sovereign immunity in § 2680(c)(1)-(4). As the *Foster* court observed, to hold otherwise and permit the re-waiver of sovereign immunity where forfeiture was a possibility, rather than the sole purpose, "would eviscerate the detention of goods exception." *Foster*, 522 F.3d at1079. The court noted that "in every criminal seizure the government necessarily must anticipate at least the possibility of a future forfeiture," thus allowing that possibility to suffice would swallow the detention of

8

goods exception. *Id*. For the same reasons applied in *Foster* and adopted by several other circuits, this Court should find that the re-waiver of sovereign immunity under § 2680(c)(1)-(4) does not apply here where forfeiture was not the sole purpose of the seizure. Accordingly, the detention of goods exception applies and there is no waiver of sovereign immunity for Defendant McCown's claims under the FTCA.

    **B.    The Court should decline to exercise subject matter jurisdiction where a judicial forfeiture action has been initiated.**

This Court should decline to exercise subject matter jurisdiction where judicial forfeiture has been initiated involving the same funds. The U.S. Attorney in the District of Wyoming has initiated judicial forfeiture involving the same funds at issue in this case where there was notice of the possibility of forfeiture in the information and Paul McCown consented to forfeiture of the funds in his plea agreement. *See United States v. McCown*, Case No. 22-00023 (Dist. Wy.). *See also Omidi v. United States*, 851 F.3d 859, 861-62 (9th Cir. 2017) ("The government may initiate judicial forfeiture proceedings in one of two ways: by filing a civil forfeiture complaint in the district court, or by obtaining a criminal indictment alleging that the property is subject to forfeiture.").

In the context of a motion to challenge the propriety of a seizure under Fed. R. Crim. P. 41, courts have made clear that the initiation of forfeiture proceedings is the appropriate forum to challenge a seizure and divests the court of jurisdiction. *See De Almeida v. United States*, 459 F.3d 377, 381-82 (2d Cir. 2006) (upholding

dismissal of Rule 41 motion brought by third-party bank once a criminal forfeiture was initiated); and *Frazee v. Internal Revenue Service*, 947 F.2d 448, 449 (10th Cir. 1991) (upholding dismissal of Rule 41 motion challenging seizure once a judicial forfeiture action was filed). *See also United States v. $70,000.00 in U.S. Currency*, 203 F.R.D. 308, 310 n.4 (S.D. Ohio 2000) (citing cases holding that notice of administrative forfeiture divests district court of jurisdiction to hear Rule 41 motion regarding same property).

A court in this district recently found a lack of subject matter jurisdiction over constitutional claims challenging a seizure where, like here, a forfeiture action was subsequently initiated. *Mercedes Benz of St. Clair Shores v. Internal Revenue Serv.*, No. 19-13473, 2020 WL 2112352 (E.D. Mich. May 4, 2020) (Levy., J). In *Mercedes Benz*, the plaintiff was a car dealership from whom $47,500 had been seized. *Id*. at *1. Before a forfeiture action was filed by the government, the plaintiff filed a civil action challenging the seizure on constitutional grounds. *Id*. at *1-2. This created "two separate proceedings regarding the seizure of the $47,500.00." *Id*. at *2. The court held that the subsequent initiation of the forfeiture action divested it of jurisdiction over the separate civil action, other than as to whether notice was received. *Id*. (citing *Matthews v. Drug Enf't Admin.*, 629 F. App'x 723 (6th Cir. 2015)). The court also ruled that it made no difference that the civil action was filed before the forfeiture proceeding. *Id*. *See also Chaim v. United States*, 692 F.Supp.2d

461, 464 (D.N.J. 2010) (Declining to continue exercising subject matter jurisdiction over civil action challenging seizure of funds once a subsequent criminal indictment containing a forfeiture allegation was filed.).

This Court should decline to exercise subject matter jurisdiction in favor of the judicial forfeiture action initiated in the District of Wyoming. To proceed with this action could involve conflicting judgments where this action challenges the propriety of the seizure and seeks return of the funds from the FBI to Defendant McCown and/or to Ria R Squared for contribution.

### C. Defendant fails to state a claim entitling him to relief.

Even if this Court finds that subject matter jurisdiction exists, Defendant's claims against the United States should be dismissed under Fed. R. Civ. P. 12(b)(6). Defendant McCown does not make any allegations of negligence or wrongdoing by the FBI. Even if he did, he has an adequate remedy at law to seek return of any funds to which he is legitimately entitled pursuant to CAFRA.

McCown cannot identify any negligent acts by the FBI. In the Third-Party Complaint he alleges that the FBI's investigation was negligent because he claims he subjectively believed the funds he received from Paul McCown were a legitimate dividend payment. (Third Pty. Compl., ECF No. 8, PageID.180-81, ¶¶ 29, 33-34). Putting aside that Defendant McCown does not assert any facts or law to indicate how the FBI was negligent for not being aware of his subjective belief – because

Paul McCown has admitted his fraud, Defendant McCown cannot assert a negligence claim for the loss of ill-gotten gains. One of the elements of a negligence claim is damages. *See Lorencz v. Ford Motor Co.*, 439 Mich. 370, 375 (1992) (In order to establish negligence, "the plaintiff must have suffered damages."). Where Paul McCown has admitted the funds were obtained by fraud, and Defendant McGown admits that the money seized from him by the FBI was those fraudulent funds, he is not damaged by the loss of funds that were never legitimately his. (Third Pty. Compl., ECF No. 8, PageID.8, ¶¶ 7-8). Accordingly, this Court should dismiss his negligence claim under Fed. R. Civ. P. 12(b)(6).

While Defendant McCown does not adequately set forth the claims, he also references contribution and replevin in his Third-Party Complaint. (Third Pty. Compl., ECF No. 8, PageID.182, ¶¶ 38-39). He fails to state a claim under both theories. As to contribution, he cannot assert a claim because the FBI is not "liable" to Plaintiff Ria R Squared for the seized funds. *See Tkachik v. Mandeville*, 487 Mich. 38, 47 (Mich. 2010) (The rule of contribution is that one who has a "common burden or obligation" or is "equally liable" is entitled to contribution against others to obtain payment of their respective shares.). Further, if Defendant McCown believes he has a legal right to the funds seized, he has an adequate remedy at law under CAFRA to seek return of the funds in the judicial forfeiture and cannot rely on the equitable

remedy of contribution. *Id*. at 47, 52 (the equitable remedy of contribution is not available where there is "an adequate legal remedy.").

With respect to replevin, in Michigan the cause of action is referred to as "claim and delivery" and is codified at M.C.L. § 600.2920. *See Whitcraft v. Wolfe*, 148 Mich. App. 40, 44, n.1 (Mich. 1985). Defendant McCown is not entitled to claim and delivery because it does not apply to actions regarding money. *See Lewis v. First All. Mortg. Co.*, No. 230089, 2004 WL 1365997, at *5 (Mich. Ct. App. June 17, 2004) ("Money is not generally the subject of a claim for replevin unless it is capable of specific identification."). In addition, Defendant McCown "does not have a right to possession" of the money where it was obtained by the FBI pursuant to a seizure warrant and Paul McGown has admitted fraud. *See* M.C.L. § 600.2920(1)(c). Accordingly, if this Court finds it has subject matter jurisdiction, it should dismiss the Third-Party Complaint for failure to state a claim.

## V. CONCLUSION

For the above reasons, Third-Party Defendant United States respectfully requests the Court grant its motion and dismiss the Third-Party Complaint.

    Respectfully submitted,

    DAWN N. ISON
    United States Attorney

    By: /s/ Jennifer L. Newby
    Jennifer L. Newby (P68891)
    Assistant United States Attorney

Dated: April 13, 2022

Attorneys for United States
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-0295
Jennifer.Newby@usdoj.gov

## Certificate of Service

I hereby certify that on April 13, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will provide notice to all counsel of record.

*/s/ Jennifer L. Newby*
Jennifer L. Newby
Assistant United States Attorney