IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

- - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
**RIA R SQUARED, INC.** :
  a Delaware Corporation, :
:
:
Plaintiff, :
:   Civ. Action No.: 21-cv-12937
- against - :   Hon. Judge: Linda V. Parker
:   Magistrate Judge:  Curtis Ivey, Jr.
:
**PHILLIP MCCOWN** :
  an individual, :
:
Defendant. :
- - - - - - - - - - - - - - - - - - - - - - - - - - -X

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY FROM RIA R SQUARED AND FOR SANCTIONS

PLAINTIFF RIA R SQUARED, INC. ("Plaintiff"), by and through their

undersigned attorney, Thomas P. Heed, hereby submits to this Honorable Court its

Response in Opposition to Defendant's Motion to Compel Discovery from Ria R

Squared and for Sanctions ("Plaintiff's Response").  Plaintiff respectfully requests

that the Court deny the Defendant's Motion to Compel Discovery from Ria R

Squared and For Sanctions ("Defendant's Motion").  Plaintiff respectfully requests

that the Court deny the Defendant's Motion.  Plaintiff further requests the Court to

issue a Protective Order under Fed.R.Civ.P. 26(c) & 37(a)(5)(B) (1) setting

November 7, 2022, as the earliest date on which the Plaintiffs will be obligated to

produce discovery material to the Defendant; (2) prohibiting Defendants from

1

continuing to act in a manner aimed at creating annoyance, embarrassment, oppression, or undue burden or expense; (3) protecting Plaintiff from producing a privilege log of all communications that its attorney has had with anyone concerning this case; (4) prohibiting Defendants from filing further Motions to Compel without leave of the Court, and (5) requiring Defendant and/or Defendant's counsel to pay Plaintiffs reasonable expenses in defending against the Motion, including actual costs and attorney fees.

WHEREFORE, Plaintiff respectfully request that this Court deny Defendant's Motion, enter a protective Order on the requested terms, and grant whatsoever other relief to the Plaintiff as this Court may deem just and fitting.

Dated:  Ann Arbor, Michigan      Respectfully Submitted
         October 18, 2022          HEED LAW GROUP PLLC

                                             /s/ Thomas P Heed
                                             Thomas P. Heed
                                             39555 Orchard Hill Place, Suite 600
                                             Novi, Michigan 48375
                                             Telephone: (248) 465-8655
                                             theed@heedlawgroup.com
                                             Attorney for Plaintiff
                                             **RIA R SQUARED, INC.**

## Table of Contents

INDEX OF AUTHORITY ...................................................................... ii

ISSUES PRESENTED .........................................................................iv

STATEMENT OF CONTROLLING AUTHORITY .........................................vi

I. PRELIMINARY STATEMENT ....................................................1

II. BACKGROUND ..........................................................................2

III. STANDARD OF REVIEW FOR A MOTION TO COMPEL ...................10

IV. RELEVANT LAW ......................................................................11

    A.  START OF DISCOVERY PERIOD......................................................11

    B.  DISCOVERY REQUESTS MADE PRIOR TO DISCOVERY PERIOD

    CANNOT BE COMPELLED ...................................................12

V.  ARGUMENT ..........................................................................13

VI. CONCLUSION ..........................................................................15

## <u>INDEX OF AUTHORITY</u>

| CASE | PAGE NUMBER |
|------|-------------|
| *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) | 11 |
| *Harris v. River Rouge Hous. Comm'n,* No. 11 -4030, 2012 U.S. Dist. LEXIS 197080, at *6 (E.D. Mich. May 2, 2012) | 2 |
| *N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016). | 12 |
| *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) | 11 |
| *O'Dell v. Hope Network W. Michigan/Michigan Educ. Corps*, No. 20-CV-11192, 2022 WL 866394, at *3 (E.D. Mich. Mar. 23, 2022). | 10-11 |
| *Sloan v. BorgWarner Flexible, Benefits Plans*, No. 09-CV-10918-DT, 2009 WL 10680534, at *2 (E.D. Mich. Aug. 12, 2009) | 13 |
| *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) | 11 |

| STATUES AND RULES | PAGE NUMBER |
|---|---|
| 28 U.S.C. §636 | 10 |
| Fed.R.Civ.P. 16 | 6-7 |
| Fed.R.Civ.P. 26 | vi, 1-8, 11-15 |
| Fed.R.Civ.P. 37 | iv-vi, 15 |
| Fed.R.Civ.P. 52 | 11 |
| Fed.R.Civ.P. 72 | 10 |
| Local Rule 7.1 | vi, 9 |
| Magistrate Judge Ivey's Practice Guidelines | 9-10 |

## <u>ISSUES PRESENTED</u>

**1.      COMPELLING PERMISSIVE DISCOVERY**

Whether Plaintiff should be compelled to answer Defendant's interrogatories that have not been responded to and produce the documents requested without objection as Plaintiff failed to timely object within 30-days to the document production requests?

**Plaintiff answers: No**

**Defendant answers: Yes.**

**2.      SANCTIONING PLAINTIFFS**

Whether Plaintiff, and/or Plaintiff's counsel, should be sanctioned if this Court grants Defendant's motion to compel, and/or for Plaintiff's counsel refusing to attend a face-to-face meet and confer in which Plaintiff's counsel stated in part, "I'm not wasting my client's money by going to Evanchek's office"?

**Plaintiff answers: No.**

**Defendant answers: Yes.**

**3.      PROTECTIVE ORDER UNDER FED.R.CIV.P. 37(a)(5)(B)**

Should this Court issue a Protective Order (1) setting November 7, 2022, as the earliest date on which the Plaintiffs will be obligated to produce discovery material to the Defendant; (2) prohibiting Defendants from continuing to act in a manner aimed at creating annoyance, embarrassment, oppression, or undue burden or

expense; (3) protecting Plaintiff from producing a privilege log of all communications that its attorney has had with anyone concerning this case; (4) prohibiting Defendants from filing further Motions to Compel without leave of the Court, and (5) requiring Defendant and/or Defendant's counsel to pay Plaintiffs reasonable expenses in defending against the Motion, including actual costs and attorney fees?

**Plaintiff answers: Yes.**

## 4.   SANCTIONING DEFENDANT

Should this Court sanction the Defendant under Fed.R.Civ.P. 37(a)(5)(B)?

**Plaintiff answers: Yes.**

## STATEMENT OF CONTROLLING AUTHORITY

### 1. COMPELLING PERMISSIVE DISCOVERY

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby states that Fed.R.Civ.P. 26(d)(1)

is the most appropriate authority concerning this issue.

### 2. SANCTIONING PLAINTIFF

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby states that Fed.R.Civ.P. 26(d)(1)

is the most appropriate authority concerning this issue.

### 3. PROTECTIVE ORDER UNDER FED.R.CIV.P. 37(a)(5)(B)

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby states that Fed.R.Civ.P. 26(d)(1)

and 37(a)(5)(B) are the most appropriate authorities concerning this issue.

### 4. SANCTIONING DEFENDANT

Pursuant to Local Rule 7.1(d)(2), Plaintiff hereby states that Fed.R.Civ.P.

37(a)(5)(B) is the most appropriate authorities concerning this issue.

## PLAINTIFF'S BRIEF IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY FROM RIA R SQUARED AND FOR SANCTIONS

PLAINTIFF Ria R Squared, Inc. ("Plaintiff") by and through its undersigned attorney, respectfully submits this brief in support of its Response in Opposition to Defendant's Motion to Compel Discovery from Ria R Squared and For Sanctions ("Plaintiff's Response").  Plaintiff respectfully requests that this Honorable Court (1) deny Defendant's Motion to Compel Discovery from Ria R Squared and For Sanctions ("Defendant's Motion"); (2) enter a protective Order prohibiting further discovery abuse from Defendant and his counsel; and (3) award the Plaintiff its expenses, including attorney fees, in defending against Defendant's Motion.

## I. PRELIMINARY STATEMENT

The Defendant, through his counsel, are using strategic discovery abuse in an attempt to leverage Plaintiffs.  For example, in Defendant's Motion, Defendant points out that the Notice to Appear issued by Hon. Judge Linda V. Parker stated that among the topics of discussion at her August 11 scheduling conference would be, "Progress of discovery (counsel is instructed to commence significant discovery prior to the conference)." *Defendant's Motion*, p. 11 citing *Notice to Appear*, DKT. 16, PageID 246.  Defendants fail to mention that they disobeyed the instructions in the Notice to Appear by (1) resisting a Rule 26(f) conference; and (2) refusing to participate in discovery.  Further on, the Defendants complain about

the Plaintiff acting in a unilateral fashion with the following quote:

> The "Federal Rules of Civil Procedure do not permit one party to make unilateral decisions regarding the timing and sequence of depositions during the discovery phase of civil litigation." *Harris v. River Rouge Hous. Comm'n,* No. 11 -4030, 2012 U.S. Dist. LEXIS 197080, at *6 (E.D. Mich. May 2, 2012).

Meanwhile, this discovery dispute originated because Defendant, through counsel, unilaterally refused to participate in discovery prior to Judge Ivey's Scheduling Order dated October 7, 2022. All of the above might be humorous if it did not cost Plaintiffs so much money responding to Defendant's discovery abuse.

## II. BACKGROUND

On August 4, 2022, Plaintiff offered Defendant a stipulated adjournment of discovery. Exh. A, *Declaration of Thomas P. Heed, dated October 18, 2022* ("*Heed Decl.*"), at ¶¶20-22. It was Plaintiff's intent to dismiss this action once the Plaintiff received the funds seized by the U.S. Government from the Defendant.[1] *Id.* Defendant, through his counsel Curtis Warner, refused. *Id.*

The pattern of bad faith discovery abuse became apparent shortly thereafter with a quickly aborted Rule 26(f) conference on August 5—a conference in which defense counsel Curtis Warner hung up the phone abruptly after only seven (7) minutes. *Id.*, at ¶¶25-26. In order to understand what transpired during the quickly

---

[1] This is no longer Plaintiff's intent, for a variety of reasons, including, but not limited to the fact that Plaintiff believes that the Defendants have purposely used discovery abuse as a method to raise Plaintiff's cost of litigation.

aborted Rule 26(f) conference, it is necessary to present grievance with a

practitioner.  From the very first phone call, attorney Curtis Warner has been prone

to interrupt and talk over Plaintiff's counsel Thomas Heed.  *Id.* at ¶14 and Exh. B.

After speaking to Curtis Warner for the first time on February 7, 2022, attorney

Thomas P. Heed recounted the call to his colleagues Steven Popofsky and Pamela

Fredrick:

> Steven and Pamela,
>
> I spoke with Curtis Warner. He likes interrupting (So does Evanchek
> for that matter). He felt the need to say that he thought the last
> election was stolen, clearly knowing the Judge Linda V. Parker was
> the one who sanctioned the "Kraken" attorneys and read them the riot
> act. Very strange.

*Id.* at ¶14 and Exh. B.  Plaintiff's counsel has repeatedly addressed the issue with

Mr. Warner, but to no avail.  *Id.*, at ¶14.  In fact, in almost every telephone

conversation Mr. Heed had with Mr. Warner, Mr. Heed complained to Mr. Warner

about Mr. Warner's habit of interrupting. *Id.* at ¶19; *see also.*, Exh. B., *see also*

Exh. C, at p. 3 of 9.

After Defendant's refusal of a discovery adjournment, Plaintiff proposed a

Rule 26(f) conference via telephone at 8 a.m. or 11 a.m. on August 5.  *Id.*, at ¶23.

Ignoring the proposed times, Mr. Warner dictated that he would call Plaintiff's

counsel at 12:30 p.m.  *Id.*, at ¶23 and Exh. C, p. 6 of 9.

A call log establishes that the entire phone call that the Defendant maintains

constituted a Rule 26(f) conference was no more than seven (7) minutes, beginning at 12:29 p.m.  *Id.*, at ¶¶25-32 and Exh. D.  This is clearly not enough time to perform the tasks required by a Rule 26(f) conference.  *See* Fed.R.Civ.P. 26(f)(2).  Again, Judge Parker's Notice to Appear Ordered the Defendants to participate in the Rule 26(f) conference, but they refused.

During the seven-minute call, Mr. Warner demanded that he control the topics of discussion.  *Heed Decl.,* at ¶¶25-32.  He lectured Plaintiff's counsel on Plaintiff's obligation to immediately dismiss the case with prejudice.  *Id.*  Eventually, Plaintiff's counsel stated that he disagreed.  *Id.*  As Mr. Heed was explaining the substance of his disagreement with Defendant's position, Mr. Warner interrupted.  *Id.*  Mr. Heed kept talking.  *Id.*  This infuriated Mr. Warner and he hung up.  *Id.*  Mr. Warner subsequently stated via e-mail, "Until you have the respect to hear my position I will not speak to you."  *Id.*, and Exh. C, p. 4 of 9.  The whole episode struck Plaintiff's counsel as contrived.  *Id.*  Surely, an experienced attorney such as Mr. Warner is used to interruptions and arguments while talking.  Precipitously disengaging from a Rule 26(f) conference is not an appropriate or expected response from a seasoned litigator.

In an e-mail exchange beginning on August 5, and continuing on August 8, Mr. Warner clearly acknowledges that he hung up.  *Heed Decl.,* ¶¶17-19 and Exh. C, p. 2-4 of 9.  Mr. Warner clearly refused to re-engage in the Rule 26(f)

conference process to finish the conference, whether by e-mail or otherwise.  *Id.*

 In an attempt to quell the discord, Mr. Heed proposed to Mr. Warner that the parties had very different views of what happened during the phone call, and that they should finish their conference via e-mail.  *Id.,* at ¶34 and Exh. C at p. 3 of 9. Mr. Warner refused, stating that he would not provide any further information, and would instead file his report using Plaintiff's input.  *Id.,* at ¶35 and Exh. C at p. 2 of 9.  In other words, Defendant's attorney knowingly and willfully refused to fulfill his obligations under Rule 26(f).  Plaintiff's counsel insisted on being copied on what Mr. Warner intended to submit and he refused.  *Id.,* at ¶36 and Exh. C at p. 1 of 9.  The Defendants subsequently filed their unreviewed Rule 26(f) Conference Report, stating that only Plaintiffs had an obligation to produce information in discovery.  *Defendants Rule 26(f) Conference Report*, DKT. 19, PageID 274.  This is a bad-faith position.  *Heed Decl.,* at ¶35.  Regardless of what transpired on the phone call, 7 minutes is insufficient to cover the material that Rule 26(f)(2) *requires* to be covered in a conference.

 A scheduling conference with the Hon. Judge Linda V. Parker was held, telephonically, on August 11, 2022.  *Heed Decl.,* at ¶¶39-47. There was nothing in any Order requiring a lead attorney to be present.  *Id.*  Nonetheless, when the conference began, Mr. Evanchek represented to the Court that Mr. Warner could not attend because he was gravely ill.  *Id.*  Mr. Evanchek emphasized several times

that his colleague was gravely ill, and it clearly made an impression on Judge

Parker.  *Id.*  It was a memorable exchange.  *Id.*  On information and belief, Mr.

Warner was not gravely ill.  *Id.* As evidenced by the metadata of the Defendant's

discovery requests, Mr. Warner was working on the Defendant's discovery

requests to the Plaintiff on August 11th.  *Id.*  This vignette is presented to

demonstrate the palpable and continual bad faith exhibited by the Defendants

throughout the discovery process, on issues big and small.  *Id.*  On information and

belief, Defendant's counsel did not believe that a Rule 26(f) conference occurred

or that discovery was open, because the Defendant's sent their discovery requests

on August 11th (the date of the conference with Judge Parker) rather than August

5th (the date of the aborted Rule 26(f) conference) or July 12th (the date of the

Notice to Appear, DKT. 16).  *Id.*  At her conference, due to the disparity of the

parties' submissions, Judge Parker did not even address a scheduling order.  She

merely referred the case to the Magistrate.  Had Judge Parker believed that the

parties had completed their Rule 26(f) conference and issued a report, she would

have been obligated to issue a scheduling order under Rule 16.  Fed.R.Civ.P.

16(b)(1).  This rule states:

> the district judge—or a magistrate judge when authorized by local
> rule—must issue a scheduling order: (A) after receiving the parties'
> report under Rule 26(f); or (B) after consulting with the parties'
> attorneys and any unrepresented parties at a scheduling conference.

*Id.*  Clearly, Judge Linda V. Parker did not believe that the parties' submissions

6

constituted a report under Rule 26(f).

Shortly after the August 11th conference with Judge Parker, the Defendant sent their first discovery request to the Plaintiff. Plaintiff responded to a portion of Defendant's discovery requests on September 9, 2022, by providing the Defendant with Plaintiff's Response to Defendant's Rule 36 Requests for Admissions. *Heed Decl.,* at ¶¶48-53 and Exh. E, *Plaintiff's Response to Defendant's Rule 36 Requests for Admissions*. Plaintiff reasonably hoped that by being forthcoming, the Defendants would be forthcoming. *Heed Decl.,* at ¶¶48-53. They were not. *Id.* The Defendants did not even acknowledge that they had a discovery duty until October 5, 2022, the date of the discovery conference with Magistrate Judge Ivey. *Notice to Appear in Person*, DKT. 24, PageID. 293. Nonetheless, on September 21, 2022, the Plaintiff provided the Defendant with both Plaintiff's Objections and Responses to Defendant's Rule 34 Requests for Production; and Plaintiff's Initial Disclosures. *Heed Decl.,* at ¶¶48-53 and Exh. F, *Plaintiff's Objections and Responses to Defendant's Rule 34 Requests for Production* and Exh. G, *Plaintiff's Initial Disclosures*. Plaintiff's Objections and Responses to Defendant's Rule 34 Requests for Production provided that responsive documents would be placed in a Dropbox once the Defendants actually began participating in discovery. *Id.* Rather than providing their initial disclosures, the Defendants filed the Defendant's Motion. *Id.*

It should be noted that the tone and tenor of the Defendant's discovery requests exhibited bad faith. *Heed Decl.,* at ¶¶54-59.  Defendant's counsel appears to be using discovery to drive up Plaintiff's cost of litigation.  *Id.*  Defendant requested publicly available documents from the Plaintiffs such as other lawsuits.  *See id.*, and Exh. F, *Plaintiff's Objections and Responses to Defendant's Rule 34 Requests for Production*, Req. 1.  Defendant made broad requests for communications with and by Plaintiff's attorney Steven Popofsky.  *Heed Decl.,* at ¶¶54-59 and Exh. F, Reqs. 3-5.  These are outside the scope of discovery:  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, …".  Fed.R.Civ.P. 26(b)(1).  This was not an ordinary discovery request that incidentally included material that was attorney/client privileged.  This was a discovery request aimed at nothing but privileged communication of the Plaintiff's attorney:

> 3.    All documents that refer to or relate to communications involving Steven Popofsky and any other person related to or referring to Phillip McCown.
>
> 4.    All documents that refer to or relate to communications involving Steven Popofsky and any other person related to or referring to Paul McCown.  All documents that refer to or relate to communications involving Steven Popofsky and any other person related to or referring to McCown Enterprises, LLC.

8

5.     All documents that refer to or relate to communications involving Steven Popofsky and any other person related to or referring to McCown Enterprises, LLC.

*Heed Decl.,* Exh. F, Reqs. 3-5.  Defendant's requested attorney billing statements.

*Id.*, at Req. 8.  Nonetheless, it is Plaintiff's intent to provide Defendant with all non-privileged material in a timely fashion after receiving Defendant's Initial Disclosures.  *Heed Decl.,* at ¶59.  It is also Plaintiff's intent to provide Defendant with responses to the interrogatories in a timely fashion after receiving Defendant's Initial Disclosures.  *Heed Decl.,* at ¶60.  Timely for the preceding two paragraphs would be less than sixteen (16) days.  *Heed Decl.,* at ¶61.

Prior to filing the Defendant's Motion, Defendant's counsel engaged in bizarre and harassing conduct by sending repeated, repetitive e-mails requesting an in-person meeting.  *Heed Decl.,* at ¶62.  Defendant's counsel attempts to conflate the face-to-face requirement of Magistrate Judge Ivey's Practice Guidelines with an in-person meeting.  There is no verbiage that supports Mr. Warner's position and much that refutes it.  In fact, the docket entry for the October 5, 2022, scheduling conference before Magistrate Judge Ivey actually states that it is a, "Notice to Appear in Person."  See DKT. 24. Further, as way of illustrating what does not meet the face-to-face requirement, Magistrate Judge Ivey's Practice Guidelines provides:

This meet-and-confer requirement is not satisfied by an email exchange or message left unanswered, or by mere compliance with

9

L.R. 7.1, which requires the moving party to seek concurrence in a motion. Where a conference has not been conducted, the moving party is to submit a written statement to the Court outlining all steps taken to participate in a conference with the opposing party. Any party refusing to appear for the conference or confer as the Court directs may be subject to costs and/or sanctions.

*Individual Practice Guidelines of Magistrate Judge Curtis Ivey, Discovery Section.*

Plaintiff's counsel was not suggesting that the meeting prior to Defendant's Motion to Compel be conducted via e-mail.  Or that it be done by an unanswered message.  Or that it be done by mere concurrence.  Defendant's counsel repeatedly refused  to attend any Zoom meeting or equivalent.  *Heed Decl.,* at ¶63.  A Zoom meeting is clearly a face-to-face meeting, as that is what the technology is intended to do.  *Heed Decl.,* at ¶64.  Courts across the U.S. use Zoom all the time.  In the age of Covid, the Defendant's interpretation of Magistrate Judge Ivey's Practice Guidelines seems to be in bad faith.  *Heed Decl.,* at ¶65.

Mr. Heed had Covid in May 2022, as everyone thought the epidemic was dying.  *Heed Decl.,* at ¶66.  He continues to suffer from long-Covid with continual and recurrent bronchitis.  *Id.* He lives with and cares for his 90-year-old mother. *Id.*  It is loathsome that such personal information has to be publicly disclosed because of Defendant's counsel's conduct. *Id.*  It should have been entirely sufficient to tell the Defendant's counsel one single time that an in-person meeting was impractical.  Mr. Heed did so.

### III. STANDARD OF REVIEW FOR A MOTION TO COMPEL

Under both 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a), a magistrate judge's non-dispositive pretrial order, such as an order on Defendant's Motion, will be reviewed only for a clearly erroneous finding of fact or a decision which is contrary to law. *O'Dell v. Hope Network W. Michigan/Michigan Educ. Corps*, No. 20-CV-11192, 2022 WL 866394, at *3 (E.D. Mich. Mar. 23, 2022). "The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that a finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id. (*quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); and *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992)).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard." *Id.* "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Id.* (quoting, *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014)).

## IV. RELEVANT LAW

### A. START OF DISCOVERY PERIOD

The discovery period starts after the parties have conferred in accordance

with Rule 26(f). Rule 26(d)(1) is extraordinarily clear about this:

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

Fed.R.Civ.P. 26(d)(1). Discovery starts only after the parties have conferred as required by Rule 26(f). Rule 26(f)(2) states:

> Conference Content; Parties' Responsibilities. In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or re- solving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discover- able information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person.

Fed.R.Civ.P. 26(f).

Here, a Rule 26(f) conference was scheduled on August 5, 2022. Thomas Heed represented the Plaintiffs, Curtis Warner represented the Defendants. However, the Rule 26(f) conference was aborted after a mere 7 minutes by the Defendant's counsel, Curtis Warner. Defendants refused to re-engage.

## B. DISCOVERY REQUESTS MADE PRIOR TO DISCOVERY PERIOD CANNOT BE COMPELLED

Pursuant to Federal Rule of Civil Procedure 26(d)(1), parties can begin discovery before their Rule 26(f) conference if a district court authorizes them to

do so upon a showing of good cause. Fed. R. Civ. P. 26(d)(1).  *N. Atl. Operating Co., Inc. v. JingJing Huang*, 194 F. Supp. 3d 634, 637 (E.D. Mich. 2016).  No such order exists in this case.  There is a Notice to Appear that Defendants argue is an Order to begin discovery.  It is not.  Properly understood, Hon. Judge Linda V. Parker instructed the parties to conduct a Rule 26(f) conference and then begin discovery.  See Notice to Appear, DKT. 16, PageID 245-46.  Judge Parker's Notice to Appear does not give the Defendants grounds to seek unilateral discovery.   Judge Parker's Notice to Appear is consistent with the Federal Rules of Civil Procedure 26(d), which says discovery begins upon the successful completion of a Rule 26(f) conference.  Because the parties did not confer pursuant to Rule 26(f), because of Mr. Warner's conduct, Rule 26(d)(1) prohibits discovery and the compelling of discovery.  *Sloan v. BorgWarner Flexible, Benefits Plans*, No. 09-CV-10918-DT, 2009 WL 10680534, at *2 (E.D. Mich. Aug. 12, 2009).

## V.  ARGUMENT

Defendants have repeatedly demonstrated palpable bad faith in their conduct in discovery.  The Defendants aborted the Rule 26(f) conference after just 7 minutes.  *Heed Decl*., at ¶¶25-26.  Defendants refused to re-engage in the Rule 26(f) conference through e-mail.  *Id.,* at 35.  Defendants adopted the outlandish position that only the Plaintiffs were obligated to provide discovery.  *Id.,* at 37.

13

Taking that position and then seeking unilateral discovery reeks of bad faith. *Id.,* at 38. The Defendants took this position with the Court by submitting a discovery plan that would require only the Plaintiffs to respond to discovery requests. *Defendants Rule 26(f) Conference Report*, DKT. 19, PageID 274. The Defendant's position was so ludicrous, so lacking in any legal authority or merit, that this Court, Magistrate Judge Ivey presiding, refused to even allow the Defendant's counsel to argue his position during a discovery scheduling conference.

The Plaintiff believes that there was no Rule 26(f) conference due to the Defendant's unilateral bad conduct. The Plaintiff believe that there was no operative Order on discovery, because the Defendant clearly took the position that only Plaintiff was obligated to participate in discovery.

In order to move the whole process along and try to constructively re-engage with the Defendant, the Plaintiffs did provide limited responses to discovery. The Plaintiff served the Defendant with Plaintiff's Response to Defendant's Rule 36 Requests for Admissions, on September 9, 2022. The Plaintiff served Defendant with Plaintiff's Objections and Responses to Defendant's Rule 34 Requests for Production. Plaintiff did not give Defendant access to any document until Defendant provided initial disclosures. *Heed Decl.,* at Exh. F. When Plaintiff informed Defendant of this, the Defendant yet again asserted that they had no duty to participate in discovery.

14

At all times, the Plaintiff was attempting to constructively engage with a clearly recalcitrant litigant.  *Id.,* at Exh. H, *Email chain beginning September 20, 2022 with Curtis Warner*, p. 3 of 10 ("Our answers and responses so far are nothing more than an elective, collegial attempt to lower the temperature and get on with the litigation. They were not required by the rules."). It did not work.  Nothing worked until Magistrate Judge Ivey issued his Scheduling Order.  Trying to compel Plaintiff to produce discovery under the circumstances is egregious.

Last, the Defendant's palpable bad faith can be seen by their requests for material that is exclusively attorney/client privileged.  Defendant made broad requests for communications with and by Plaintiff's attorney Steven Popofsky. *Heed Decl.,* at ¶¶54-59 and Exh. F, Reqs. 3-5.  The aim is clearly to force Mr. Popofsky to create a privilege log of every communication he has had with anyone concerning this case.  Although the Plaintiff believes that this Court ought to block production of such a privilege log, the Plaintiff will abide by any Order of this Court.

## VI. CONCLUSION

A Rule 26(f) conference did not occur because the unilateral actions of Defendant's counsel, Curtis Warner.  The Defendants further proposed an unreasonable discovery schedule, in which only the Plaintiffs would be obligated

to produce material in discovery. The Defendant's conduct was in bad faith and constitutes discovery abuse under Rule 37(f).

Plaintiff respectfully requests that the Court deny the Defendant's Motion. Plaintiff further requests the Court to issue a Protective Order under Fed.R.Civ.P. 26(c) & 37(a)(5)(B) (1) setting November 7, 2022, as the earliest date on which the Plaintiffs will be obligated to produce discovery material to the Defendant; (2) prohibiting Defendants from continuing to act in a manner aimed at creating annoyance, embarrassment, oppression, or undue burden or expense; (3) protecting Plaintiff from producing a privilege log of all communications that its attorney has had with anyone concerning this case; (4) prohibiting Defendants from filing further Motions to Compel without leave of the Court, and (5) requiring Defendant and/or Defendant's counsel to pay Plaintiffs reasonable expenses in defending against the Motion, including actual costs and attorney fees.

Dated:      Ann Arbor, Michigan

            October 18, 2022

                        Heed Law Group PLLC

                        /s/ Thomas P Heed
                        Thomas P. Heed
                        39555 Orchard Hill Place, Suite 600
                        Novi, Michigan 48375
                        Telephone: (248) 465-8655
                        Facsimile: (248) 348-5760
                        theed@heedlawgroup.com
                        Attorney for Defendants

16

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 18, 2022, I electronically filed the foregoing Response to Defendant's Motion to Compel, including a brief and associated exhibits, with the Clerk of the Court using the ECF system, which will be served by operation of the Court's electronic filing system upon the counsel of record for the Defendant, at his/her e-mail address included in the ECF system.

Heed Law Group PLLC

/s/ Thomas P Heed

_____

Thomas P. Heed

17