UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RIA R SQUARED, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHILLIP McCOWN, <br><br> Defendant. | Case No. 4:21-cv-12937 <br><br> **MAGISTRATE JUDGE CURTIS IVY, JR.** |

**PLAINTIFF RIA R SQUARED, INC.'S MOTION FOR LEAVE TO FILE SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT PHILLIP McCOWN'S MOTION FOR ORDER AND OFFER OF PROOF, OR, IN THE ALTERNATIVE, TO STRIKE PORTIONS OF DEFENDANT McCOWN'S REPLY IN FURTHER SUPPORT OF MOTION FOR ORDER AND OFFER OF PROOF**

Plaintiff Ria R Squared, Inc. ("Plaintiff") in the above-captioned action, through counsel, respectfully moves for leave to submit the attached Sur-Reply in response to impermissibly raised new arguments and factual claims asserted by Defendant Phillip McCown ("Defendant") in Defendant's Reply in Support of Motion for Order and Offer of Proof (the "Reply," ECF No. 43), filed with the Court on November 29, 2022, or in the alternative, for the Court to strike the settlement communications attached as Exhibit A to Defendant's Reply (ECF No. 43-1), and those portions of Defendant's Reply which violate Fed. Rule of Evid. 408. *See* Reply at 3-4 & n.2.

## LEGAL ARGUMENT

Defendant's arguments and claims do not appear in Defendant's opening brief, and thus Plaintiff has not had an opportunity to respond. Moreover, the communications which form the basis of Defendant's argument are protected settlement communications pursuant to Rule 408, including impermissibly disclosing a proposed settlement agreement, which cannot be used to disprove the validity or amount of Plaintiff's claim, as Defendant attempts in his Reply.

The Court may grant leave to file a sur-reply whenever the party seeking leave would be unable to contest matters presented to the Court for the first time in the opposing party's reply. *See Dodds v. U.S. Dep't of Educ.*, 845 F.3d 217, 220 (6th Cir. 2016) (granting motion for leave to file sur-reply to allow party to respond to arguments raised for the first time on reply); *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) (holding that a reply brief should not be used as an opportunity to present yet another issue for the court's consideration); s*ee also*, *Kensu v. Mich. Dep't of Corr.*, No. 18-cv-10175, 2020 U.S. Dist. LEXIS 61590, at *2 (E.D. Mich. 2020) (directing party to file sur-reply where issue was first raised in a reply brief). Plaintiff satisfies this standard because, for the first time, Defendant's Reply raises the parties' inadmissible settlement communications as a reason to contest "the amount of damages claimed." Reply at 3-4 & n.2.

Plaintiff further respectfully submits that the Court should strike Defendant's disclosure of settlement communications protected by Rule 408, including dollar amounts of settlement offers stated within the Reply, as well as the entire proposed settlement agreement which Defendant filed as Exhibit A to his Reply.  Reply at 3-4 & n.2; Reply Exhibit A.  Plaintiff provided the proposed agreement to Defendant in response to his counsel's repeated, insistent demands for a "written settlement offer."  Defendant cannot now use that proposed, protected agreement to further his misguided arguments.

For these reasons, counsel for Plaintiff respectfully submits that the Court should:  (1) grant leave for Plaintiff to file the attached Sur-Reply; (2) strike those portions of Defendant's Reply which disclose protected settlement communications, and the entirety of Defendant's Reply Exhibit A; (3) grant such sanctions, costs and attorneys' fees as the Court finds appropriate and as allowed under Eastern District of Michigan Local Rule 7.1(a)(3); and (4) grant such other and further relief as the Court deems appropriate.

Counsel for Plaintiff contacted Defendant's counsel regarding the relief sought in this Sur-Reply, but counsel has not responded. Sanctions here are appropriate, to the extent Plaintiff has incurred costs in preparing this motion and its sur-reply, consistent with Local Rule 7.1(a)(3), for Defendant's refusal to amend his Reply.

Respectfully submitted,

**ANSELL GRIMM & AARON, P.C.**

*/s Joshua S. Bauchner*
Joshua S. Bauchner, Esq.
Layne A. Feldman, Esq.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
973.247.9000 (t)
jb@ansellgrimm.com


**HEED LAW GROUP PLLC**

*/s/ Thomas P Heed*
Thomas P. Heed
39555 Orchard Hill Place, Suite 600
Novi, Michigan 48375
Telephone: (248) 465-8655
theed@heedlawgroup.com

*Attorneys for Plaintiff*
**RIA R SQUARED, INC**

## **CERTIFICATE OF SERVICE**

I certify that on December 2, 2022 I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: December 2, 2022                              */s/ Layne A. Feldman*
                                                                          Layne A. Feldman