UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RIA R SQUARED, INC., <br> Plaintiff, <br> v. <br> PHILLIP MCCOWN, <br> Defendant. <br> _____/ | Case No. 21-12937 <br><br> Curtis Ivy, Jr. <br> United States Magistrate Judge |

### ORDER GRANTING MOTION FOR CLARIFICATION (ECF No. 61)

Before the Court is Defendant's motion for clarification of the Court's February 2, 2023, Order. (ECF No. 61). That Order addressed two motions from Defendant: a motion to compel responses to document requests and a motion to quash a subpoena directed at his employer for emails and text messages.

The Court granted in part the motion to compel. Among the related rulings, the Court determined that the time scope of the claim begins at the point the FBI seized funds from Defendant's bank account during June 2021. Events or knowledge prior to that point is irrelevant.

The Court denied the motion to quash and did not enter a protective order prohibiting the subpoena to Defendant's employer. Defendant argued that the subpoena should be quashed because the same documents were requested directly from Defendant and others, and the subpoena risked harming the employment relationship. (ECF No. 32). The Court denied the motion to quash because

Defendant did not have standing to bring the motion. The Court denied a protective order because Defendant did not articulate specific facts showing a clearly defined and serious injury he would suffer if his employer needed to respond to the subpoena. (ECF No. 58).

Defendant moves for clarification of the Order regarding the subpoena. The subpoena seeks documents from January 1, 2020, to January 1, 2022, which exceeds the scope of discovery allowed in relation to his motion to compel. He asks whether the Court's determination that the scope of relevant discovery applies to the subpoena such that requests for documents prior to June 2021 are overbroad and seek irrelevant information. The motion for clarification is **GRANTED**. The Court's Order did not address the relevance or scope of the discovery sought in the subpoena. That ruling was limited only to whether Defendant was entitled to a protective order for the reasons raised in the motion—the information could be obtained from other sources and potential injury to the employment relationship. Since Defendant did not challenge the relevance or scope of the discovery, the Court did not rule on it.

The Court does not treat Defendant's motion as one for reconsideration—since Defendant did not argue the scope of the subpoena, and the Court did not rule on it, there is nothing to reconsider. The Court is limited to addressing the arguments the parties raise.

**IT IS SO ORDERED**.

Date: February 9, 2023                    s/Curtis Ivy, Jr.
                                          Curtis Ivy, Jr.
                                          United States Magistrate Judge