UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIA R SQUARED, INC.                             Case No.  21-cv-12937

                                                                          MAGITRATE JUDGE
        Plaintiff,                                    CURTIS IVY, JR.

     v.

PHILLIP McCOWN,

        Defendant.

### PHILLIP McCOWN'S MOTION
### FOR COSTS UNDER RULE 68(d)

NOW COMES Dr. McCown, by and though his undersigned counsel, and motions this Honorable Court to award him costs of $2,401.93 under Rule 68 "as the judgment that the offeree [Dr. McCown] finally obtain[ed] is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).  Here Ria obtained summary judgment in its favor on Count II, statutory conversion, with the Court determining Ria's damages to be zero ($0.00) dollars.  ECF No. 85, PageID.4628-4629, 4638 ("Plaintiff's motion for partial summary judgment is **GRANTED** as to the statutory conversion claim[.]") A copy of the unaccepted Rule 68 Offer of Judgment served on January 11, 2022, that offered judgment to be entered in Ria's favor for $23,699.33, attorney's fees and costs, along with statutory interest, and a

screen shot of the email is attached hereto as (Exhibit A).

On July 10, 2023, Dr. McCown's counsel, Mr. Warner, emailed a letter to Ria's counsel, outlining Dr. McCown's position on the Rule 68 motion, and requested a telephonic conference to comply with the local rule's premotion meet and confer requirements. (Exhibit B, letter); (Exhibit C, email chain). Three (3) minutes later, Ria's counsel, Mr. Bauchner responded:

> [t]he Court expressly permitted Plaintiff to pursue costs which we are calculating. As they will exceed your inflated amount including items not permitted by Rule, we may consider an offset at the appropriate time and will advise accordingly.

(Exhibit C).

On July 17, 2023, at 10:38 a.m. Mr. Bauchner emailed Mr. Warner, with three attachments, the email stating in part:

> [w]e write to respond to your request for costs and to demand payment of fees and costs to Plai8ntiff (sic) in accord with the Court's Order.
>
> * * *
>
> By contrast, however, the Court expressly exercised its discretion to award fees and costs Plaintiff through the filing of the Complaint. A summary of those fees and costs is annexed hereto, along with wire instructions for our trust account. **Please wire payment in the amount of $28,175.65 by Friday, July 21, 2023**, or in the remarkable event you have a basis to challenge payment notwithstanding the plain language of the Court's Order, please state your objection in writing in satisfaction of our meet and confer obligation.

(Exhibit D, email chain with Mr. Bauchner's three attachments) (emphasis original).

Mr. Warner responded asking for dates and times when Mr. Bauchner would be available for a telephonic conference, and Mr. Bauchner replied:

> [a]s stated, please provide a written basis for your assertion, contrary to governing law from the U.S. Supreme Court, that defendant has an entitlement to costs as we are not prepared to waste more time on frivolous applications. [Id.]

Mr. Warner responded asking again for dates and times to conduct a telephonic meet and confer. (Id.) With no response, on July 18, 2023, at approximately 11:51 a.m., Mr. Warner called Mr. Bauchner, spoke of the substance of the Rule 68 Offer of Judgement motion for costs, with the call concluding approximately three and one-half minutes later, followed by Mr. Warner sending a confirming email, which was subsequently followed by an exchange of emails between counsel. (Exhibit E).

On July 18, 2023, at 9:00 p.m., Mr. Warner, after consultation with Dr. McCown, sent Ria's counsel an email revising the costs that Dr. McCown would seek via a motion for costs under Rule 68 as follows:

| Date | Description | Costs |
|---|---|---|
| 12/21/22 | Transcript of Conversation between Mr. Evanchek and Mr. Heed | $227.50 |
| 1/23/23 | Subpoena to 5/3 Bank (Fee for Documents) | $49.68 |
| 1/30/23 | Transcript of Sentencing Hearing | $604.45 |
| 2/17/23 | Subpoena to Discover (Fee for Documents) | $22.00 |
| 2/27/23 | Airfare to/from DTW 3/20/23 | $513.20 |
| 4/4/23 | Deposition Transcript of Mr. Kang | $985.10 |
| | **TOTAL** | **$2,401.93** |

Ria's counsel was also informed that Dr. McCown had agreed to pay all Mr. Heed's highlighted time (before the February payment) on the timesheet filed with the Court at ECF No. 66-3, PageID.234. (3.5 hours @ $300 per hour that he billed Kleinberg Kaplan for a total of $1,050, plus $402 in filing costs, $1,452 in total under the Court's Order). (Id.)

Ria's counsel was also informed that Dr. McCown would stipulate to a mutual walk-a-way, that Dr. McCown would stipulate to not file a Rule 68 Motion for costs, if Ria would stipulate not to file a petition for attorney's fees and costs under this Court's Order, noting that Dr. McCown's costs were $949.93 more than the combined total of Mr. Heed's attorney's fees and the costs[1] of the filing fee. (Id.)

Nineteen (19) minutes later, Mr. Bauchner responded, "[r]ejected. Please stop wasting my time." (Id.)

As set forth above, there was a conference between attorneys entitled to be heard on the motion in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Dr. McCown requests this Honorable Court to award him costs of $2,401.93 under Rule 68(d) as the total amount of the Offer of Judgment to Ria was greater than the judgment in Count II that Ria obtained.

---

[1] Dr. McCown's counsel, Mr. Evanchek, accepted service of the Complaint via email, and as such there are no costs associated with the service of the Complaint.

4

## BRIEF IN SUPPORT OF MOTION

## ISSUE PRESENTED

    I.    Whether under Rule 68(d) should Dr. McCown be awarded costs of $2,401.93?

## CONTROLLING / MOST APPROPRIATE AUTHORITY

Fed. R. Civ. P. 68(d)

MCL 600.2919(a)(1)

*Marek v. Chesny*, 473 U.S. 1, 105 S. Ct. 3012, 87 L. Ed. 2d 1 (1985)

*Potter v. Blue Cross Blue Shield of Michigan,* 10 F. Supp. 3d 737 (E.D. Mich. 2014)

**INTRODUCTION**

Ria, after obtaining a judgment in its favor of $0.00 (zero dollars), on Count II, statutory conversion, a claim that provides for fee and costs shifting, MCL 600.2919a(1), and this Court permitting Ria as the prevailing party, on Count II, to petition to the fees and costs, "incurred bringing this action—the filing fee, the cost of drafting and serving the complaint, and other costs related to bringing this action", ECF No. 85, PageID.4631, has demanded Dr. McCown make a payment via a wire "**of $28,175.65 by Friday, July 21, 2023**". (Exhibit D) (emphasis original). Ria has likewise taken the position that Dr. McCown is not entitled to any amount of costs under Rule 68. (Exhibit D); (Exhibit E).

Dr. McCown offered to pay both the $402 filing fee, and Mr. Heed's[2] time in full, 3.5 hours at his $300 hourly rate set forth in his declaration submitted in support of Ria's motion for summary judgment[3], ECF No. 66-3, PageID.2133 ¶

---

[2] As of February 7, 2022, Mr. Heed was the only attorney of record for Ria before this Court. *See* Complt. ECF No. 1, PageID.11. The

[3] On July 17, 2023, Ria's counsel first disclosed the demanded amount of $22,904 in attorney's fees, plus costs, for a combined total of $24,760.69, for work purportedly done by Steven Popofsky, Pamela Frederick and a paralegal, J. Remi, from the law firm of Klienberg, Kaplan, Wolff & Cohen, P.C., 500 Fifth Ave., New York, NY. (Exhibit D, 2). No attorney from the law firm of Klienberg, Kaplan, Wolff & Cohen, P.C. filed an appearance in this case. Nor was any time or costs of any attorney from Klienberg, Kaplan, Wolff & Cohen, P.C., set forth in Ria's motion for summary judgment and brief in support that claimed "$114,807.56 in attorneys' fees and costs", plus damages, "for a final judgment in the amount of $185,905.55". ECF No. 69, PageID.2165-2167; ECF Nos. 69-1, 69-2, 69-3.

16, PageID.2134, up to the date of Dr. McCown's payment on February 7, 2022. ECF No. 71, PageID.2279 ¶ 39 (citations omitted). (Exhibit E).

Furthermore, rather than engage in further motion practice, because Dr. McCown costs being sought under Rule 68 are $2,401.93 and under this Court's Order Ria can seek Mr. Heed's fees of $1,050 and Ria's costs of $402 ($1,452 in total as of February 7, 2022), leaving a balance of $949.93 that Ria would be obligated to pay Dr. McCown, Dr. McCown offered to file a stipulation forgoing his costs under Rule 68, if Ria would file a stipulation foregoing its fees and costs under the Order. (Exhibit E.) Nineteen (19) minutes after Dr. McCown's offer was emailed to Ria's counsel at 9:00 p.m., Ria's counsel responded, "Rejected. Please stop wasting my time." (Id.) But for Ria's rejection of Dr. McCown's offer to resolve this motion and Ria's anticipated motion for attorney's fees and costs, this motion would now not be pending before this Court.

## RELEVANT FACTS

On January 11, 2022, Dr. McCown served his Rule 68 Offer of Judgment upon Ria, which included the following terms:

1. Payment to Plaintiff of $23,699.33 (twenty-three thousand six hundred ninety-nine dollars).

2. Payment to Plaintiff of statutory interest from the date of filing of the Complaint to the acceptance of this Offer of Judgment.

3. Payment to Plaintiff of reasonable attorney's fees to be agreed upon by the parties or as determined by the Court.

    4.    Payment to Plaintiff of reasonable costs to be agreed upon by the parties or as determined by the Court.

    5.    This Rule 68 Offer of Judgment is made solely for the purposes specified in Fed. R. Civ. P. 68 and is not an admission of liability by Defendant.  [Exhibit A].

Ria did not accept the Offer of Judgment.

The transcript of the October 25, 2022, conversation between Mr. Evanchek and Mr. Heed was filed with this Court an exhibit to Dr. McCown's Supplemental Discovery Brief, ECF No. 50-3, the invoice attached as (Exhibit F).  The 5/3 Bank documents and Discover documents were filed respectively, as exhibits to Dr. McCown's Response in Opposition to Summary Judgment, ECF No. 71-15, 71-18, billing statements at PageID.2574 and PageID.2620.  The transcript of the sentencing hearing in the District of Wyoming was filed with this Court as an exhibit, Response in Opposition to Summary Judgment, ECF No. 71-25, the invoice and email indicating a service fee for payment by credit card is attached as (Exhibit G).  On March 20, 2023, Mr. Warner flew from ELM to DTW, see (Exhibit H), to depose Mr. Kang, at the location he selected at the Westin inside Detroit Metro Airport, see ECF No. 65, PageID.2025, after being compelled to appear in Canton, Michigan for his deposition. ECF No. 58, PageID.1900.  Mr. Kang's deposition was filed as an exhibit in support of Dr. McCown's motion for summary judgment, ECF No. 74-26, the invoice and receipt are attached.  (Exhibit

I).

Dr. McCown paid his attorney, Curtis Warner, for costs his law practice advanced in defense of the litigation to Dr. McCown, including the costs described below:

| Date | Description | Costs |
|---|---|---|
| 12/21/22 | Transcript of Conversation between Mr. Evanchek and Mr. Heed | $227.50 |
| 1/23/23 | Subpoena to 5/3 Bank (Fee for Documents) | $49.68 |
| 1/30/23 | Transcript of Sentencing Hearing | $604.45 |
| 2/17/23 | Subpoena to Discover (Fee for Documents) | $22.00 |
| 2/27/23 | Airfare to/from DTW 3/20/23 | $513.20 |
| 4/4/23 | Deposition Transcript of Mr. Kang | $985.10 |
|  | **TOTAL** | **$2,401.93** |

See (Exhibit J).

On June 30, 2023, this Court granted summary judgment in Dr. McCown's favor on Counts I and III, and in Ria's favor on Count II, statutory conversion, stating in part, "Plaintiff is entitled to judgment on the claim, but this is a hollow victory because it has no right to any recovery. . . . there are no damages to award. . . . there are no damages to treble". ECF No. 85, PageID.4628-4630; Id. at PageID.4638 ("Plaintiff's motion for partial summary judgment is **GRANTED** as to the statutory conversion claim[.]")

## ARGUMENT

"Rule 68 will require plaintiffs to 'think very hard' about whether continued litigation is worthwhile" and "Rule 68 simply encourages settlements." *Marek v.*

10

*Chesny*, 473 U.S. 1, 11, 105 S. Ct. 3012, 3017-3018, 87 L. Ed. 2d 1 (1985). Under the majority's opinion in *Marek*, "costs" are not limited to costs that may be taxed under 28 U.S.C. § 1920 if the plaintiff's substantive claim was brought under a cost shifting statute.[4] *Id.* at 3016-3018; *see also Potter v. Blue Cross Blue Shield of Michigan,* 10 F. Supp. 3d 737, 771–72 (E.D. Mich. 2014) *(collecting cases including Northcross v. Bd. of Educ. of Memphis City Schs.,* 611 F.2d 624, 639 (6th Cir.1979)) (overruled on other grounds) ("the court has the authority to award those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services, such as reasonable photocopying, paralegal expenses, and travel and telephone costs."). In this case, all of the $2,401.93 in costs originally paid by his counsel, were then paid by Dr. McCown to reimburse his counsel's advanced payments. (Exhibit J).

Ria brought its claims under state law, not subject to 28 U.S.C. § 1920. Count II, statutory conversion contains a cost and fee shifting provision as follows:

> A person damaged as a result of either or both of the following may recover 3 times the amount of actual damages sustained, ***plus costs and reasonable attorney fees***.
>
> MCL 600.2919a(1) (emphasis added).

---

[4] Ria's premotion position on the other hand hinges on its position that, "the costs you seek are wholly inappropriate and not allowable under 28 U.S.C. § 1920. Your knowing violation of this statute is disappointing if not surprising." (Exhibit D).

11

As such, the substantive law applicable to Ria's claims expanded the limitations of 28 U.S.C. § 1920 to this particular case. Notably, Ria's motion for summary judgment claimed that it was entitled to "costs" of "$4,144.70" for: a total of $614 for "Admission into Eastern District of Michigan for Feldman, Esq." and "Bauchner, Esq."; "Conference call" of "$27.78"; hundreds of dollars for "Research – LexisNexis" and over $3,000 lumped together as "Miscellaneous expenses including photocopies, telephone, postage, mileage and faxes". ECF No. 69-1, PageID.2189:

**Costs and Expenses**

| Date | Description | Orig Expense | Orig Cost | Bill Amount |
|---|---|---|---|---|
| 11/15/2022 | Filing Fees - Admission into Eastern District of Michigan for Feldman, Esq. | $307.00 | | $307.00 |
| 11/15/2022 | Filing Fees - Admission into Eastern District of Michigan for Bauchner, Esq. | $307.00 | | $307.00 |
| 11/20/2022 | Arkadin - Conference call | $27.78 | | $27.78 |
| 11/24/2022 | Research - LexisNexis | $36.07 | | $36.07 |
| 11/25/2022 | Research - LexisNexis | $34.17 | | $34.17 |
| 11/27/2022 | Research - LexisNexis | $26.32 | | $26.32 |
| 11/28/2022 | Research - LexisNexis | $1.93 | | $1.93 |
| | Total Costs/Expenses: 11/2022 | $740.27 | $0.00 | $740.27 |
| 12/05/2022 | Research - LexisNexis | $50.42 | | $50.42 |
| 12/06/2022 | Research - LexisNexis | $68.61 | | $68.61 |
| 12/06/2022 | Research - LexisNexis | $15.00 | | $15.00 |
| 12/07/2022 | Research - LexisNexis | $89.25 | | $89.25 |
| 12/08/2022 | Research - LexisNexis | $23.97 | | $23.97 |
| 12/08/2022 | Research - LexisNexis | $20.85 | | $20.85 |
| 12/15/2022 | Research - LexisNexis | $42.77 | | $42.77 |
| 12/16/2022 | Research - LexisNexis | $6.04 | | $6.04 |
| 12/27/2022 | Research - LexisNexis | $24.42 | | $24.42 |
| 12/31/2022 | Miscellaneous expenses including photocopies, telephone, postage, mileage and faxes | $2,676.28 | | $2,676.28 |
| | Total Costs/Expenses: 12/2022 | $3,017.61 | $0.00 | $3,017.61 |
| 01/30/2023 | Research - LexisNexis | $19.13 | | $19.13 |
| 01/31/2023 | Miscellaneous expenses including photocopies, telephone, postage, mileage and faxes | $367.69 | | $367.69 |

Page: 6     Ansell Grimm & Aaron, PC     02/21/2023 04:54pm

Other than possibly "photocopies", which is debatable as the documents produced in this case, primarily consisting of documents related to or obtained in *Ria R Squared, Inc. v. Paul D. McCown*, Civil Action No. 21-CV-125-SWS, (D.

Wyo. June 22, 2021), were in .pdf, produced electronically over drop box, and on a green flash drive during Mr. Kang's deposition, ECF No. 74-26, PageID.3846-3847, Kang Dep, Tr. 25:18 – 27:2, 28 U.S.C. § 1920 simply does not provide for any of the "$4,144.70" in "costs" Ria claimed it was entitled to in its summary judgment motion. *Compare* 28 U.S.C. § 1920 *with* ECF No. 69-1, PageID.2189.

Ria now after obtaining a judgment of $0.00 on Count II, and summary judgment being granted in Dr. McCown's favor on Counts I and III, must pay Dr. McCown's costs under Rule 68(d), which provides:

> PAYING COSTS AFTER AN UNACCEPTED OFFER. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68(d).

Dr. McCown's January 11, 2022 Offer of Judgment, which included judgment to be entered against his in the amount of $23,699.33, plus statutory interest, plus attorney's fees, plus costs, (Exhibit A), an amount which exceeded Ria's damages of $0.00 for Count II, statutory conversion, plus attorney's fees and costs, set forth in this Court's Order and Opinion, ECF No. 85, PageID.4628-4630, id. at PageID.4638, incorporated into the separate judgment entered. ECF No. 86. "The offer, once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured." *Nusom v. Comh*

*Woodburn, Inc.*, 122 F.3d 830, 834 (9th Cir. 1997). Ria has simply failed to measure up to the Dr. McCown's Offer of Judgment, warranting the mandatory award of "costs" under Rule 68(d) in the amount of $2,401.93.

Additionally, Federal Rule of Civil Procedure 54(d)(1), which after the entry of a judgment, does not limit "costs" to those set forth in 28 U.S.C. § 1920. Local Rule 54.1: Taxation of Costs, provides, "A party seeking costs must file a bill of costs no later than 28 days after the entry of judgment. The clerk will tax costs under Fed. R. Civ. P. 54(d)(1) as provided in the Bill of Costs Handbook available from the clerk's office and the Court's web site." E.D. Mich. L.R. 51.1. And the Bill of Costs Handbook, section II. C. 1. d. expressly provides to tax costs of any "Transcript used in support of a motion." Bill of Costs Handbook, p. 3, *available at* [https://www.mied.uscourts.gov/PDFFIles/BillofCostsHandbook.pdf](https://www.mied.uscourts.gov/PDFFIles/BillofCostsHandbook.pdf). Under the local rules the transcripts filed with the Court in support of Dr. McCown's motions are expressly recoverable.

## CONCLUSION

WHEREFORE the reasons stated herein, Dr. McCown requests this Honorable Court to award him costs of $2,401.93 under Rule 68(d). Ria's rejection of Dr. McCown's premotion attempts to resolve this motion and withholding consent were simply unreasonable.

Respectfully submitted,
/s/ Curtis C. Warner

Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | John A. Evanchek (P66157) |
| 85 Denison Parkway E. #186 | KELLEY & EVANCHEK, P.C. |
| Corning, NY 14830 | 43695 Michigan Ave. |
| Tel: (607) 438-3011 | Canton, MI 48188-2516 |
| cwarner@warner.legal | Tel: (734) 397-4540 |
| | john@kelawpc.com |

## CERTIFICATE OF SERVICE

I, Curtis C. Warner, hereby certify that on **July 20, 2023**, I electronically filed the above document using the Court's ECF System which will automatically send notice and a copy to all counsel who are registered and have appeared:

| | |
|---|---|
| Thomas P. Heed | ANSELL GRIMM & AARON, P.C. |
| Heed Law Group PLLC | Joshua S. Bauchner |
| 39555 Orchard Hill Place | Layne A. Feldman |
| Suite 600 | 365 Rifle Camp Road |
| Novi, MI 48375 | Woodland Park, New Jersey 07424 |
| (248) 465-8655 | (973) 247-9000 |
| theed@heedlawgroup.com | jb@ansellgrimm.com |
| | laf@ansellgrimm.com |

Respectfully submitted,
/s/ Curtis C. Warner
Curtis C. Warner

| | |
|---|---|
| Curtis C. Warner (P59915) | John A. Evanchek (P66157) |
| 85 Denison Parkway E. #186 | KELLEY & EVANCHEK, P.C. |
| Corning, NY 14830 | 43695 Michigan Ave. |
| Tel: (607) 438-3011 | Canton, MI 48188-2516 |
| cwarner@warner.legal | Tel: (734) 397-4540 |
| | john@kelawpc.com |