UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIA R SQUARED, INC.,  
                         Plaintiff,

v.

PHILLIP MCCOWN,  
                         Defendant.
_____/

Case No. 21-12937

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER ON DEFENDANT'S OBJECTION (ECF No. 89) AND MOTION FOR ORDER (ECF No. 91)**

The Court granted in part Plaintiff's motion for summary judgment, awarding judgment in its favor on Count II of the Complaint for statutory conversion under M.C.L. § 600.2919a.  That statute provides for an award of fees and costs in bringing the action.  The Court made clear that the allowed fees and costs "are those incurred in *bringing* this action—the filing fee, the cost of drafting and serving the complaint, and other costs related to bringing this action."  (ECF No. 85, PageID.4631) (emphasis in original).  The Court directed the parties to confer on fees and costs, and if no agreement was reached, to contact chambers for further direction, likely to include filing a bill of costs.  On August 3, 2023, Plaintiff's counsel contacted chambers, copying defense counsel, notifying the Court that the parties could not agree on costs and sought approval to file a bill of costs.

Defendant objects to the Court deciding on Plaintiff's statutory fees and costs because it has been more than 30 days since the Court's Order and Judgment were filed.[1]  Defendant says he can no longer appeal the decision on Count II or an award of fees and costs.  He is mistaken as to the latter.  "[W]hen the district court awards attorneys' fees *after* it decides the merits of the case, and when the district court's fee order 'resolves all attorneys' fees in a single, final order[,] completing the post-judgment proceedings,' [the Sixth Circuit has] independent jurisdiction over an appeal from that final fee award." *In re Flint Water Cases*, 63 F.4th 486, 502 (6th Cir. 2023) (citation omitted); *see also Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988).  So Defendant may, if he wishes, appeal the Court's order on Plaintiff's attorney fees and costs within 30 days after it is issued.  The legal issues of attorney fees are separate from the decision on the merits of Plaintiff's claims.  Defendant is correct that his right to appeal the merits of the decision on Count II has passed, but the fact that the Court has yet to rule on attorneys' fees associated with Count II is not the impetus of such.

---

[1] Defendant refers to Plaintiff's request to file a bill of costs a "motion for attorney fees," but it is not a motion.  The Court has already ordered that Plaintiff be paid some fees and costs, the exact amount to be determined later.  Plaintiff is not moving for fees and costs.  As such, Defendant's reliance, in part, on Local Rule 54.1.2 is unavailing.

Defendant's objection is **OVERRULED** and his motion for expedited consideration of its objection to Plaintiff filing a bill of costs is **TERMINATED AS MOOT**.

Plaintiff must file its bill of costs and any supporting argument, not exceed 15 pages, within one week of this Order.  Defendant must file a response, not to exceed 15 pages, within one week of service of the bill of costs.  Plaintiff may file a reply within one week of the response, not to exceed 7 pages.  The Court will rule on Defendant's motion for attorney fees and Plaintiff's statutory attorney fees and costs within due course.

**IT IS SO ORDERED**.


Date: August 7, 2023                     s/Curtis Ivy, Jr.
                                         Curtis Ivy, Jr.
                                         United States Magistrate Judge