UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| RIA R SQUARED, INC., <br><br> Plaintiff, <br><br> v. <br><br> PHILLIP McCOWN, <br><br> Defendant. | Case No. 4:21-cv-12937 <br><br> **MAGISTRATE JUDGE CURTIS IVY, JR.** |

**PLAINTIFF RIA R SQUARED, INC.'S
REPLY IN SUPPORT OF ITS APPLICATION FOR FEES AND COSTS**

**I.     By Defendant's Own Definition, Plaintiff Incurred Fees.**

Defendant argues that Plaintiff has not incurred fees for four reasons. First, Defendant speciously asserts that Plaintiff was not Mr. Heed's client. This is absurd. The basis for Defendant's claim is that "Mr. Heed's declaration did not affirmatively identify the client." *See* Defendant's Response ("Resp.") p. 4. Of course, Mr. Heed's client was Plaintiff, not KKWC. As his invoice reflects, Plaintiff was the client in the "Bill To" line, not KKWC. *See* ECF No. 94-3.

Second, Defendant contends that Plaintiff did not "incur" fees because Mr. Kang did not testify at his deposition (over counsel's objection) that Plaintiff paid fees. But by Defendant's own definition, "incurred" is defined as, "[t]o become liable or subject to…at to incur a debt[.]. Black's Law Dictionary, p. 768 (6th ed. 1990). "Incurred" does not mean "has paid." In any event, Mr. Kang did not testify

1

regarding the fees because he testified in his capacity as corporate designee for Plaintiff and that matter was outside the scope of the Court-Ordered topic list.[1]

Third, Defendant makes an incomprehensible argument about this firm's billing from February of this year. To be clear, Plaintiff is not seeking Ansell Grimm and Aaron's fees from February 2023 -- nor could it, as the Order only permits Plaintiff to recover fees incurred before February 2022 and in connection with filing the Complaint, and our firm was not retained until November 2022. *See* ECF No. 85, PageID.4631-4632. The picture of our firm's bill that was inserted into the Response is from Plaintiff's summary judgment motion, and not the instant Application. In any event, Defendant appears to be arguing that Mr. Popofsky also is or was this firm's client. Nothing could be further from the truth. The entries confirm this by separating entries like "Conference with the client" from "Confer with Popofsky, Esq." with a semi-colon in between them indicating these were

---

[1] Not that it is relevant for the purposes of the Application, but federal courts are split as to whether a question that exceeds the scope of the topic list must be answered. *See, e.g.*, *Paparelli v. Prudential Ins. Co.*, 108 F.R.D. 727, 730 (D. Mass. 1985) (holding that the examination must be confined to matters stated 'with reasonable particularity' in the deposition notice); *but see also King v. Pratt v. Whitney*, 161 F.R.D. 475, 475 (S.D. Fla. 1995) (questions outside the scope or the notice as long as they are within the general discovery rules). This District does not appear to have ruled on the issue, rendering counsel's instruction to Mr. Kang reasonable. Regardless, the Court limited the topic list, confirming that counsel's instruction to Mr. Kang was reasonable. And as Defendant's counsel admits, it was he who elected to storm out of the deposition with his client instead of continuing the deposition. *See* Resp. p. 5, fn. 3.

distinct billable activities. But again, this does not even matter because these are not fees Plaintiff seeks to recover. Avoiding all doubt, Plaintiff has incurred fees, as evidenced by its Bill of Costs, and its Application should be granted.

<u>Finally</u>, Defendant points out a discrepancy between Plaintiff's summary judgment motion and this Application with respect to Mr. Heed's hourly fee ($300/hour versus $400/hour, respectfully). Of course, this has nothing do with whether Plaintiff *incurred* fees, only the computation. In any event, as Mr. Heed's complete invoicing reflects, he originally charged Plaintiff $400 per hour and then reduced his rate to $300 per hour in September 2022, after the time period in question. *See* ECF No. 69-3. Prior to February 7, 2022, Mr. Heed billed Plaintiff at $400 per hour, confirming that the amount Plaintiff seeks in Application is accurate.

## II. **<u>Plaintiff Did Not File A Motion For Fees Under Rule 54</u>**.

As the Court noted in its Order dated August 7, 2023:

> Defendant refers to Plaintiff's request to file a bill of costs as a 'motion for attorney fees,' but it is not a motion. The Court has already ordered that Plaintiff be paid some fees and costs, the exact amount to be determined later. Plaintiff is not moving for fees and costs. As such, Defendant's reliance, in part, on Local Rule 54.1.2 is unavailing.

*See* ECF No. 93, Page ID.4789-4790. Instead of heeding the Court's Order, Defendant objects to Plaintiff's Application on the basis that it failed to meet the burden of proof imposed on a party *moving* for its fees under Rule 54. *See, e.g.* Resp. pp. 14-15. However, as Plaintiff did not file a motion seeking attorney fees, the case law cited by Defendant is inapplicable to the application at bar. The Court

***already awarded*** fees to Plaintiff and this application simply quantifies the amount due.

The factors set forth by Defendant apply in the Rule 54 context, when a prevailing party seeks unlimited fees from case inception through conclusion and serve as "limitations" on recovery. However, there is no need to impose those limitations when the Court already conducted that exercise. All that is left is for the Court to determine whether the fees sought fit within its imposed limitations.

Moreover, Defendant's contention that Plaintiff is only entitled to "$0.00" is equally unavailing because this Court already expressly permitted Plaintiff to recover "some fees and costs" and the Court would not have required Plaintiff to file this Application if that was the intended result. In other words, the Court already considered Defendant's arguments about the purported "frivolous" nature of the suit, and whether Plaintiff was the "prevailing party," but rejected them, permitting Plaintiff to recover fees and costs. Defendant's Response (particularly Points V and IV) reads more like an "appeal" of the August 7, 2023 Order as opposed to an argument in response to the Bill of Costs. Yet again, Defendant raises arguments already rejected by the Court for no purpose other than to further needlessly increase Plaintiff's costs in having to respond.

**III.** **<u>Neither An Affidavit Nor A Hearing Are Required</u>.**

Citing *Grandview Raceway*, Defendant blatantly misrepresents that affidavits are required to support a fee application. However, that is not what the *Grandview*

4

Court held. *See Bldg Serv Local 47 Cleaning Contractors Pension Plan v Grandview Raceway*, 46 F3d 1392, 1402 (6th Circ. 1995) (internal citations omitted) (noting in dicta that the District Court "reviewed affidavits"). Thus, the Sixth Circuit did not hold that affidavits are **required**, it merely noted that the District Court reviewed them in that particular matter.

In addition, Defendant requests that the Court conduct an in-person "evidentiary hearing." At every opportunity, Defendant's counsel ignores this Court's Orders and creates more work for himself and Plaintiff in having to respond. Plainly, an evidentiary hearing is not required to decide a simple fee application; nor would a hearing be appropriate as Plaintiff did not even file a motion. Defendant also cites no precedent requiring the Court to conduct such a hearing. Rather, "evidentiary hearings are only required when the documents submitted are insufficient to determine the appropriate amount of fees to award. A fee application may be decided without a hearing." *Id.*

Here, Plaintiff submitted ample documentation permitting it to recover its fees, and no evidentiary hearing is required. Defendant's request for an "in-person" hearing is yet another example of Defendant's repeated attempts to increase Plaintiff's legal fees and waste the Court's time and resources. The Court should not countenance such conduct, particularly when Plaintiff may be awarded its (limited) fees without the need for an in-person hearing.

## IV. <u>Defendant's Miscellaneous Disputes With The Bill of Costs Are Meritless.</u>

Plaintiff submitted an unredacted copy of the Bill of Costs to the Court, which makes plain on its face that the tasks performed by KKWC pertained to the service, preparation, research, strategy, and drafting of the Complaint. For example, "finalizing draft of complaint," "Addressing Phillip McCown complaint and next steps, including regarding Michigan counsel and law," and "reviewing Phillip McCown Complaint, incorporating edits into Phillip McCown Complaint." *See* ECF No. 94-1. Defendant disputes several isolated entries on the Bill of Costs, and the Application itself, which disputes readily may be rejected:

- <u>December 14, 2021 Entries.</u> Defendant takes issue with purported conflicting entries by Ms. Frederick and Mr. Heed, because Ms. Frederick billed more time than Mr. Heed. However, Ms. Frederick's entry captures more tasks than simply preparing an email, a fact which is clear on its face.
- <u>November 30, 2021.</u> Defendant takes issue with the fact that there is no "massive e-mail" from this date. But the entry does not state that only one e-mail was drafted. Even if there was only one e-mail, it is plausible that separate tasks (like Googling various Michigan counsel, etc.) were folded into this task. Further, the e-mail or e-mails drafted may be privileged.
- <u>Mr. Heed's Relationship with KKWC</u>. Defendant argues that KKWC could not have spent time locating Michigan counsel, because it worked with Mr. Heed ***seven years ago***. Notwithstanding the fact that different attorneys were involved and KKWC is a large firm, there is no reason why KKWC could not have researched different local counsel for use in this particular matter.
- <u>Minor Revisions to the Bill of Costs</u>. The original Bill of Costs had a different heading ("Ledger of Fees and Costs" versus "Bill of Costs") but the change was made to reflect the Order and is completely irrelevant to the entries within, which were unchanged. The Bill of Costs also states, "See

- highlighted invoice, Exhibit C" to reference the appropriate exhibit filed with the Application.  *See* ECF No. 94-1.

- <u>Mr. Popofsky's Admission to the Eastern District of Michigan</u>.  As set forth in the Application, whether KKWC or Popofsky is admitted in this District or appeared in this action is irrelevant because KKWC performed worked on the case for which KKWC charged Plaintiff.

- <u>"Inflated" Overnight Check Fee in the Amount of $54.96</u>.  On ECF No. 69-3, ECF No. 94-1, and ECF 94-2 (the three documents cited by Defendant), Plaintiff consistently sought recovery of administrative costs in the amount of $54.96 (comprised of an overnight check fee and a postage and delivery fee) which were billed out on February 14, 2022 but incurred earlier.  If Plaintiff must waive this fee because it was billed out after February 7, 2022, so be it.

- <u>Pamela Frederick Deposition Upon Written Questions</u>.  Defendant takes issue with the fact that Plaintiff did not submit all of the written questions to the Court.  However, the Frederick Subpoena was submitted to show the Court that Defendant was plainly aware of her involvement in the case, not to show any particular question that was asked of her.  Defendant's arguments with respect to the New York filing were rejected by the Court and have no bearing here.  *See, e.g.,* ECF No. 85, PageID.4622.

WHEREFORE, Plaintiff respectfully requests that the Court: (i) award it attorneys' fees and costs in the amount of $24,760.96; and (ii) grant whatever further relief to Plaintiff as this Court may deem just and proper.

Dated:  Woodland Park, New Jersey  
        August 28, 2023

Respectfully Submitted,

**ANSELL GRIMM & AARON, P.C.**
*/s Joshua S. Bauchner*
Joshua S. Bauchner, Esq.
Layne A. Feldman, Esq.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
973.247.9000 (t)
jbauchner@ansell.law
*Attorneys for Plaintiff*
**RIA R SQUARED, INC.**

7

## **CERTIFICATE OF SERVICE**

I certify that on August 28, 2023, I electronically filed the foregoing document(s) and that they are available for viewing and downloading from the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| | |
|---|---|
| Dated: August 28, 2023 | */s/ Layne A. Feldman*<br>Layne A. Feldman |